In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00046-CR


______________________________




GARY LEE ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 13,814-93




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 On January 24, 1994, Gary Lee Allen pled guilty to four separate charges of forgery in a
single hearing. The indictment in each case alleged Allen had two prior, sequential felony
convictions, thereby raising the punishment range in each case to no fewer than twenty-five years,
nor more than ninety-nine years, or imprisonment for life. See Tex. Pen. Code Ann. § 12.42(d)
(Vernon 2003), § 32.21. (1) 

 On January 31, 2002, the trial court adjudicated Allen's guilt and sentenced him to twenty-five years' imprisonment in all four cases, with each sentence to be served concurrently. This appeal
concerns only his conviction for forgery in trial court cause number 13,814-93. Each case was
appealed separately, but the briefs in all four cases are substantively identical: Allen's counsel has
reviewed the record and determined that there are no nonfrivolous issues that may be raised; he asks
that we allow him to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967).





 Since the briefs and arguments raised therein are identical in each appeal, for the reasons
stated in Gary Lee Allen v. The State of Texas, No. 06-02-00045-CR, we likewise affirm the trial
court's judgment.



 Jack Carter

 Justice


Date Submitted: April 24, 2003

Date Decided: April 25, 2003


Do Not Publish
1. Amended by Act of May 29, 1993, 73rd Leg., R.S. ch. 900, § 1.01, 1993 Tex. Gen. Laws
3586, 3643-44.



em
factors--(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same
crime in other jurisdictions. McGruder, 954 F.2d at 316; Mullins v. State, No. 06-06-00044-CR,
2006 Tex. App. LEXIS 10072, at *3 (Tex. App.--Texarkana Nov. 21, 2006, no pet. h.); Dunn, 997
S.W.2d at 892; Lackey, 881 S.W.2d at 420-21. 

 Although Thomas' sentence is two years' imprisonment and the range for a state jail felony
is 180 days' to two years' imprisonment, this range has been determined by the Legislature to
constitute appropriate punishment for this type of crime. Nothing in this record demonstrates or
raises an inference that this sentence was grossly disproportionate to this offense. (2) Thomas has failed
to show that his sentence was constitutionally disproportionate to the offense for which he was
convicted. His sole contention is overruled.

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 18, 2006

Date Decided: December 19, 2006


Do Not Publish




1. Thomas did not object to the sentence on the ground it was disproportionate to the crime,
or on any other ground, at the time it was imposed. His motion for new trial, however, contains a
contention that the sentence was disproportionate to the offense. A motion for new trial is an
appropriate way to preserve this type of claim for review. See Williamson v. State, 175 S.W.3d 522,
523-24 (Tex. App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex.
App.--Texarkana 2005, no pet.).
2. Even if there had been an inference raised that this sentence was grossly disproportionate,
this record contains no evidence comparing this sentence with others in the same jurisdiction for this
offense, or those imposed on defendants in other jurisdictions who committed a similar offense. See
Delacruz, 167 S.W.3d at 906.